# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**EMBRY JAY LOFTIS,**

Petitioner,

v.   Case No. CIV 14-019-RAW-KEW

**JERRY CHRISMAN, Warden,**

Respondent.

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, attacks his conviction and sentence in Carter County District Court Case No. CF-2009-112 for Unlawful Possession of a Controlled Dangerous Substance, After Former Conviction of Two or More Felonies.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

- 02/23/2011  Petitioner's direct appeal was affirmed and his sentence was modified to thirty years imprisonment by the Oklahoma Court of Criminal Appeals in Case No. F-2009-1067.

- 05/24/2011  Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court.

- 12/05/2011  Petitioner filed an application for post-conviction relief in the Carter County District Court.

- 06/22/2012  The state district court denied petitioner's application for post-conviction relief.

- 07/17/2012  Petitioner filed in the Carter County District Court a "Motion for Leave to Proceed at Postconviction Appeal Requesting for an Appeal Out-Of-Time."

| | |
|---|---|
| 07/23/2012 | Petitioner's 30-day statutory time period for appealing the district court's June 22, 2012, order denying post-conviction relief expired. |
| 10/26/2012 | The Carter County District Court granted petitioner ten days to file in the district court a notice of intent to appeal. |
| 11/05/2012 | Petitioner filed a notice of post-conviction appeal in the trial court. |
| 11/20/2012 | Petitioner attempted to appeal the district court's denial of post-conviction relief. |
| 11/15/2013 | The OCCA denied petitioner's petition for an out-of-time post-conviction appeal and denied his attempted post-conviction appeal as untimely in Case No. PC-2012-1053. |
| 01/23/2014 | Petitioner signed his petition for a writ of habeas corpus and averred he placed it in the prison mailing system. |

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final on May 24, 2011, ninety days after the Oklahoma

Court of Criminal Appeals (OCCA) affirmed his conviction on direct appeal. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). His one-year statutory period for seeking habeas relief commenced the next day on May 25, 2011. Therefore, his deadline for filing a federal petition for a writ of habeas corpus was May 25, 2012. *See* 28 U.S.C. § 2244(d)(1)(A).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application regarding his conviction on December 5, 2011, and the district court denied the application on June 22, 2012. Petitioner then had thirty additional days, until Monday, July 23, 2012, to perfect a timely appeal of the post-conviction denial. *See* Rules 5.2(C)(2) & (5), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. *See also Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which a petitioner *could have* sought an appeal under state law." (emphasis in original)). Therefore, the time petitioner's post-conviction application was pending and the period in which he could have filed an appeal tolled the statute of limitations for 232 days, making the deadline for filing this habeas petition Monday, January 14, 2013. This petition, deemed to have been filed on January 23, 2014, is untimely.

The OCCA determined under its procedural rules that petitioner had failed to invoke the court's jurisdiction when he filed his post-conviction appeal out of time and had failed to establish his entitlement to an appeal out of time based on the circumstances of his case. *Loftis*, No. PC-201201053, slip op. at. 3-4. Contrary to petitioner's arguments, the time spent in his request for an appeal out of time and his untimely post-conviction appeal to the OCCA did not statutorily toll the limitations period beyond the 232 days. *See, eg., Robinson v.*

3

*Golder*, 443 F.3d 718, 720 (10th Cir. 2006) (post-conviction appeal not properly filed, unless it "satisfies the State's requirements for filing such a pleading."); *Pink v. McKune*, No. 05-3033, 146 Fed. Appx. 264, 266 (10th Cir. Aug. 17, 2005) (unpublished) (holding that a "state court's denial of a motion for leave to file an appeal out of time does not toll the time period during which no appeal was pending" and stating that the petitioner's limitations period "resumed running" after the time to appeal a post-conviction application expired and "continued running until it expired"). Consequently, no statutory tolling is available for petitioner's improper filings in the state courts. *See e.g., Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003) (noting that state procedural law governs the determination of whether a state post-conviction application is "properly filed" pursuant to 28 U.S.C. § 2244(d)(2)).

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available, but only in "rare and exceptional circumstances," including actual innocence and extraordinary or uncontrollable circumstances which prevented timely filing. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (footnote omitted). Here, the court finds petitioner has not articulated a "colorable claim of factual innocence . . . that was not presented at trial." *Roman v. Vaughn*, No. 11-6103, 442 Fed. Appx. 365, 368 (10th Cir. Sept. 30, 2011).

Petitioner asserts his untimely and improper post-conviction appeal was through no fault of his own. He argues he did not receive the district court's June 22, 2012, order denying his post-conviction application through the prison mail until July 9, 2012, causing him to miss the ten-day deadline for filing a notice of intent to appeal in the district court. As noted in the OCCA's order denying the attempted post-conviction appeal, however, petitioner undisputedly received the order well within the thirty-day period for filing an appeal of the district court's decision to the OCCA and could have done so, rather than

4

attempting to request a pointless appeal out of time in the district court. *Loftis*, No. PC-2012-1053. slip op. at 4. These circumstances did not present petitioner with an extraordinary or uncontrollable event which prevented his compliance with the applicable rules. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (noting that the extraordinary circumstance must be beyond a petitioner's control).

Further, the fact that petitioner may have misunderstood or was confused about the procedural requirements provides no basis for equitable tolling. "[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh*, 223 F.3d at 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition (Dkt. 10) is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this ___12th___ day of March 2015.

                                                  **RONALD A. WHITE**
                                                **UNITED STATES DISTRICT JUDGE**