# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

EMBRY JAY LOFTIS,            )
                             )
    Petitioner,        )
                             )
v.                           )   Case No. CIV 14-019-RAW-KEW
                             )
KAMERON HARVANEK, Warden,    )
                             )
    Respondent.        )

## OPINION AND ORDER

Petitioner Embry Jay Loftis, a pro se prisoner who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, appealed this Court's dismissal of his petition for a writ of habeas corpus as time-barred (Dkt. 21). The Tenth Circuit Court of Appeals reversed and remanded for further proceedings, finding that Petitioner's request for equitable tolling of the statute of limitations should have been granted. *Loftis v. Chrisman*, 812 F.3d 1268 (10th Cir. 2016) (Dkt. 32). Petitioner has filed a motion for recusal of the undersigned district judge in these proceedings (Dkt. 38).

Petitioner complains the undersigned judge previously dismissed his petition because of Petitioner's possible misunderstanding or confusion about procedural requirements, and the judge implied that Petitioner had no real understanding of the law. On appeal, the Tenth Circuit found Petitioner's untimely filing was not because of his ignorance of the law, and Petitioner had made reasonable, diligent efforts to comply with the procedural rules. *Loftis*, 812 F.3d at 1273, 1275.

Petitioner further alleges the undersigned district judge dismissed his civil rights complaint in Case No. CIV-14-344-RAW-SPS without considering Petitioner's Rule 56(e) attachments that contradicted the defendants' claims.[1] Petitioner contends the undersigned judge's alleged failure to consider his documents in CIV-14-344-RAW-SPS indicates the

---

[1] Case No. CIV-14-344-RAW-SPS has been appealed to the Tenth Circuit Court of Appeals.

judge is not able to act in an impartial capacity because of a personal bias or prejudice against Petitioner and in favor of any adverse party.

Petitioner's allegations, which the Court construes as arising under 28 U.S.C. § 144 and § 455, clearly are based upon Petitioner's disagreement with prior rulings in this case and in his civil rights case. Section 144 "requires an affidavit of bias and prejudice, which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith . . . ." *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988) (citing *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987)). Petitioner, however, has failed to file the required documents.

Addressing Petitioner's claims under § 455, "factual allegations need not be taken as true, and the test is whether 'a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *Id*. at 1268 (quoting *Hinman*, 831 F.2d at 938). "In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). The standard is purely objective and the inquiry is limited to "outward manifestations and reasonable inferences drawn therefrom." *Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993. "The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993; *see also Nichols*, 71 F.3d at 351.

In *Nichols*, the Tenth Circuit listed seven frequently alleged bases that usually do not warrant recusal, including "prior rulings in the proceeding, or another proceeding, solely because they were adverse . . . ." *Id*. at 351. Furthermore, the United States Supreme Court has instructed:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

2

*Liteky v. United States*, 510 U.S. 540 (1994) (internal citation omitted).

Bearing in mind that "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require," *Nichols,* 71 F.3d at 351, the Court concludes Petitioner's motion for recusal must be denied.

**ACCORDINGLY,** Petitioner's motion for recusal of the undersigned judge (Dkt. 38) is DENIED.

**IT IS SO ORDERED** this 16th day of March 2017.

*[signature: Ronald A. White]*

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**