# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EMBRY JAY LOFTIS,** | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV 14-019-RAW-KEW |
| **TRACY McCOLLUM, Warden,** | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner, a pro se prisoner currently incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, is challenging his convictions and sentences in Carter County District Court Case No. CF-2009-112 for Unlawful Possession of a Controlled Dangerous Substance, After Former Conviction of Two or More Felonies, and Case No. CM-2009-193 for Reckless Driving, Attempting to Elude a Police Officer, and Driving with License Suspended. On March 12, 2015, the Court dismissed Petitioner's § 2254 habeas corpus petition as time-barred (Dkt. 21).

The Tenth Circuit Court of Appeals reversed and remanded for further proceedings, finding this Court should have granted Petitioner's request for equitable tolling of the statute of limitations. *Loftis v. Chrisman*, 812 F.3d 1268, No. 15-7017 (10th Cir. Feb. 10, 2016) (Dkt. 32). At the direction of the Court, Respondent has responded to the petition (Dkt. 41).

Petitioner raises the following grounds for relief:

I. Absolute exclusion of the defense witnesses was unwarranted and denied Mr. Loftis of a meaningful opportunity to present a complete defense.

II. Mr. Loftis represented himself at trial without the trial court's determining if he was competent to do so, or that his decision to represent himself was voluntary.

III. The trial court erred by permitting the jury to enhance punishment with two prior convictions which were part of the same transaction.

IV. Because the written second stage jury instructions are missing from the district court file, and are not part of the record on appeal, Mr. Loftis has been deprived of his right to fully appeal the second stage of his trial, therefore his sentences must be modified.

V. Prosecutorial misconduct during closing arguments deprived Mr. Loftis of a fair trial.

VI. The evidence presented at trial was insufficient to support the conviction for possession of cocaine, as there was insufficient proof of possession.

VII. Mr. Loftis should be granted relief based upon cumulative error.

VIII. The trial court erred when it ordered Mr. Loftis' convictions to be run consecutively.

IX. Petitioner was deprived of his Sixth and Fourteenth Amendment rights to the effective assistance of counsel during the pretrial phase of his criminal proceedings.

X. A. Trial counsel committed reversible error by ordering Petitioner to appear just minutes before trial for a hearing to determine if he wanted to represent himself, predicated on ex parte advice of defense counsel, where the record is void of any affirmative showing that such a request had been made by Petitioner prior to the hearing.

B. The trial court did not explain to Petitioner that by representing himself, he waived any argument of competent counsel as a basis for appeal.

XI. Petitioner was denied effective assistance of appellate counsel when counsel failed to raise the grounds presented above, constituting cause to excuse procedural default.

Respondent alleges Petitioner has failed to exhaust the state court remedies for Grounds IX, X, and XI by presenting the claims to the Oklahoma Court of Criminal Appeals ("OCCA") on post-conviction appeal. In Ground IX, Petitioner alleges his pretrial counsel was ineffective in failing to investigate his case and to properly examine a witness at the preliminary hearing. Petitioner claims in Ground X that the trial court erred by ordering

Petitioner to appear at a hearing minutes before trial to determine whether he wanted to represent himself. The trial court also allegedly erred in failing to advise Petitioner that by representing himself, he would waive the right to assert a claim of ineffective assistance of trial counsel on appeal. In Ground XI, Petitioner alleges his appellate counsel was ineffective for (1) failing to raise a claim of ineffective assistance of pretrial counsel, (2) making an inadequate direct appeal argument that Petitioner did not request to represent himself at trial, and (3) failing to present a claim of an erroneous punishment instruction.

Petitioner alleges in his petition and in his reply to the Respondent's motion (Dkt. 43) that he exhausted Grounds IX, X, and XI through his application for post-conviction relief. The record shows the Carter County District Court denied Petitioner's application for post-conviction relief on June 22, 2012 (Dkt. 42-7), and the OCCA concluded that Petitioner had not demonstrated he was denied a timely appeal through no fault of his own, *Loftis v. State*, No. PC-2012-1053 (Okla. Crim. App. Nov. 15, 2013 (Dkt. 42-9). The Tenth Circuit, however, found in its detailed remand order that Petitioner was denied a post-conviction appeal, not through his own fault, but because of the confusion from the state district court's ineffective order granting Petitioner additional time to file a notice of post-conviction appeal. *Loftis*, 812 F.3d at 1271-76. Petitioner has yet to present a proper post-conviction appeal to the OCCA that raises the issues presented in Grounds IX, X, and XI.

A district court has four options when faced with a "mixed" petition containing both exhausted and unexhausted claims: (1) dismiss the mixed petition in its entirety, *Rhines v. Weber*, 544 U.S. 269, 273 (2005); (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275-76; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits

3

if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

Petitioner has expressed his desire to return to state court for the OCCA to address his claims (Dkt. 1 at 21). Respondent has not waived exhaustion in this matter but has no objection to holding this case in abeyance while Petitioner fully exhausts his unexhausted claims in the state courts (Dkt. 42 at 5, 10-11).

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

*Rhines*, 544 U.S. at 277.

After careful review, the Court finds Petitioner has shown good cause for his failure to exhaust his claims before coming to federal court, and stay and abeyance is warranted. "Petitioner did not sleep on his federal rights, but rather diligently pursued his claims by filing the documents which he believed would be sufficient to ensure state court review of his habeas claims." *Loftis*, 812 F.3d at 1273. The Court, however, finds that a reasonable time limit on the stay is appropriate. *See Rhines*, 544 U.S. at 278 (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Therefore, Petitioner is granted thirty (30) days from the date of this Opinion and Order to commence the proceedings to exhaust the unexhausted habeas claims in the petition. Within 30 days after exhaustion is completed, Petitioner must advise the Court of the results of the state-court proceedings. *See Zarvela*, 254 F.3d at 380-81.

**ACCORDINGLY,** Respondent's motion to dismiss (Dkt. 41) is DENIED, and a STAY AND ABEYANCE of the proceedings is hereby entered. Petitioner shall commence his state-court exhaustion proceeding within thirty (30) days of the entry of this Opinion and

Order. Within thirty (30) days of the conclusion of exhaustion proceedings, Petitioner shall file in this Court a copy of the Order by the Oklahoma Court of Criminal Appeals demonstrating that his state-court remedies have been exhausted. Petitioner's motion for status report of this action (Dkt. 45) is DENIED as moot.

**IT IS SO ORDERED** this 21st day of August 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma